```
McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $14,173.00 IN U.S. CURRENCY,<br><br>Defendant. | 2:04-CV-1495 WBS/GGH<br><br>**PLAINTIFF'S APPLICATION AND ORDER FOR PUBLICATION**<br><br><br>DATE:       N/A<br>TIME:       N/A<br>COURTROOM: N/A |
|---|---|

The United States of America, plaintiff herein, applies for an order of publication as follows:

1.  Claimant Andres Valdez died on September 9, 2004. In accordance with Fed.R.Civ.P. 25(a)(1) plaintiff filed a Statement of Fact of Death on June 1, 2005.

2.  Under Rule 25 [1] Plaintiff is required to serve the Statement of Fact of Death (hereafter "the Statement") on Valdez' successor or representative "in the manner provided in Rule 4 for the service of a summons. . . ."

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure.

1

3.   Rule 4 provides for two methods of service of a summons on an individual: (1) by delivering a copy of the summons to the person's dwelling house [Rule 4(e)(2)] or (2) "pursuant to the law of the state in which the district court is located ...for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State[.]" Rule 4(e)(1).

4.   Plaintiff has made diligent efforts to identify and personally serve Valdez' personal representative or successor with the Statement in accordance with Rule 4(e)(2). Plaintiff served Valdez' wife with the Statement on June 30, 2005, but plaintiff does not know if she is, in fact, Valdez' personal representative or successor.  See the Declarations of Kristin S. Door and Marwa Hassoun in Support of Application and Order for Publication.

5.   For these reasons, plaintiff seeks an order permitting service of the Statement under the second option permitted in Rule 4(e)(1), i.e, by any method permitted under state law.

6.   California Code of Civil Procedure § 415.50 permits service of a summons by publication as provided in Government Code § 6064 upon a showing that the party to be served cannot "with reasonable diligence be served in another manner. . ." The publication is to be "in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served."  CCP § 415.50(b).

7.   Local Rule 83-171, Eastern District of California, provides that the Court shall designate by order the appropriate newspaper for publication.

2

8.   Government Code § 6064 provides that "publication of notice pursuant to this section shall be once a week for four successive weeks."

9.   As shown in the declarations of Kristin S. Door and Marwa Hassoun, plaintiff has exercised reasonable diligence to identify and serve Valdez' personal representative or successor but has been unsuccessful.

10.  Plaintiff proposes that publication be made as follows:

   a.   Once a week for four consecutive weeks;

   b.   In the following newspaper, a legal newspaper of general circulation, located in the county where claimant died (Sacramento County), where he resided at the time of his death, and where it is likely to give actual notice to claimant's personal representative or successor: the Daily Recorder.

   c.   The publication to include:

      (1)  The Court, title, and number of the action.

      (2)  The name, address, and telephone number of the plaintiff's attorney.

      (3)  The identity and description of the defendant property.

      (4)  A statement that Andres Valdez died on September 9, 2004 in Sacramento County.

      (5)  A statement that Andres Valdez has filed a claim to the defendant property.

      (6)  A statement that any person who claims to be Andres Valdez' successor or representative must file a motion for substitution as the proper party in this action and serve it on the plaintiff's attorney within 90 days after the last date of

3

1 publication;

2     (7)  A statement that if no motion for substitution is
3 filed, claimant Andres Valdez may be dismissed as a party to this
4 action, and all right, title, and interest of Andres Valdez in
5 the defendant currency will be extinguished.

7 DATED: <u>July 7, 2005</u>           McGREGOR W. SCOTT
                                     United States Attorney

9                              /s/Kristin S. Door
10                    By: _____
                             KRISTIN S. DOOR
11                              Assistant U.S. Attorney

13                         **ORDER**

14    IT IS SO ORDERED.

16 DATE: 7/18/05
                             /s/ Gregory G. Hollows
17                              _____
                             GREGORY G. HOLLOWS
18                              United States Magistrate Judge
$14,173.ord07