1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                      ----oo0oo----

11  UNITED STATES OF AMERICA,
                                    NO. CIV. S-04-1495 WBS GGH
12           Plaintiff,

13      v.                          MEMORANDUM AND ORDER RE:
                                    MOTION TO DISMISS ACTION AS TO
14                                  CLAIMANT ANDRES VALDEZ, JR.

15
    APPROXIMATELY $14,173.00 IN
16  U.S. CURRENCY,

17           Defendant.

18                      ----oo0oo----

19          Plaintiff moves to dismiss this action as to claimant

20  Andres Valdez, pursuant to Federal Rule of Civil Procedure 25.

21  No opposition has been filed.

22  I.   Factual and Procedural Background

23          On January 29, 2004, as part of an investigation into

24  the sale of methamphetamine, the Sacramento Special Weapons and

25  Tactics team executed an arrest warrant for Orlando Flores.

26  (Compl. ¶ 5(m).)  In Flores' back pocket, the officers found

27  $14,223 in U.S. currency.  (Id.)  Of that currency, the United

28  States Drug Enforcement Agency, pursuant to 21 U.S.C. § 881(b),

                                    1

1  seized approximately $14,173 as money intended to facilitate a

2  violation of 21 U.S.C. § 841 et seq. (Id. ¶¶ 3-4.) On July 29,

3  2004, the plaintiff brought this forfeiture action against the

4  seized defendant currency in accordance with 21 U.S.C. §

5  881(a)(6). (Id. ¶ 5.)

6          Claimants Andres Valdez, Patricia Valdez, and Orlando

7  Flores filed a verified claim of ownership contesting the

8  forfeiture and alleging that the defendant property was not used

9  or intended for use to facilitate a violation of 21 U.S.C. § 841

10 et seq. (Sept. 3, 2004 Verified Claim of Ownership ¶ 2.)

11 Instead, the claimants contend that the currency was acquired

12 through the refinancing of the Valdezes' home, and Orlando Flores

13 only possessed the currency as a bailee to Andres Valdez and

14 Patricia Valdez. (Id. ¶¶ 3-8.) On September 9, 2004, prior to

15 adjudication, Andres Valdez was shot and killed in Sacramento,

16 California. (Pl.'s Mot. to Dismiss Andres Valdez Ex. 2.)

17         Plaintiff now moves to dismiss the action as to Andres

18 Valdez pursuant to Federal Rule of Civil Procedure Rule 25(a)(1).

19 Plaintiff alleges that all parties and nonparty successors and

20 representatives have been timely served with the required

21 suggestion of death and, to date, no motion to substitute has

22 been filed in this matter. This motion to dismiss is unopposed.

23 II. Discussion

24         Rule 25(a)(1) provides that:

25     If a party dies and the claim is not thereby
       extinguished, the court may order substitution of
26     the proper parties . . . . Unless the motion for
       substitution is made not later than 90 days after
27     the death is suggested upon the record by service
       of the statement of fact of the death as provided
28     herein for the service of the motion, the action

                                   2

1    shall be dismissed as to the deceased party.

2    Fed. R. Civ. P. 25(a)(1).

3         In the Ninth Circuit, the 90 day period begins to run

4    upon the completion of two tasks.  Barlow v. Ground, 39 F.3d 231,

5    233 (9th Cir. 1994).  "First, a party must formally suggest the

6    death of the party upon record."  Id. (citations omitted).

7    "Second, the suggesting party must serve other parties and

8    nonparty successors or representatives of the deceased with a

9    suggestion of death in the same manner as required for service of

10   the motion to substitute."  Id. (citing Fed. R. Civ. P.

11   25(a)(1)).  Specifically, the suggestion of death "shall be

12   served on the parties as provided in Rule 5 and upon persons not

13   parties in the manner provided in Rule 4 for service of summons."

14   Fed. R. Civ. P. 25(a)(1).

15        Plaintiff surmounted the first of these procedural

16   hurdles by formally suggesting the death of Andres Valdez on the

17   record on June 1, 2005.  (Pl.'s Statement of Fact of Death.)  As

18   to the second step, plaintiff served all claimants and parties in

19   accordance with Rule 5 by electronic service to the parties'

20   attorney with the Statement of Fact of Death.  (Pl.'s Mot. to

21   Dismiss Andres Valdez Ex. 3); see also Fed. R. Civ. P. 5(b)(1),

22   (2)(D).  As to nonparty successors or representatives, after

23   failing to locate a formally appointed successor or

24   representative of Andres Valdez's estate, plaintiff served

25   nonparty successors and representatives with the Statement of the

26

27

28

3

1  Fact of Death by publication.[1]  (Pl.'s Mot. to Dismiss as to

2  Andres Valdez Exs. 4, 6.)

3        In this case, service by publication satisfies Rule 4.

4  Rule 4(e)(1) allows service upon an individual "pursuant to the

5  law of the state in which the district court is located . . . ."

6  Fed. R. Civ. P. 4(e)(1).  California allows service by

7  publication when (1) the serving party satisfies the court that a

8  claimant of personal property cannot be served in another manner

9  through reasonable diligence and (2) service is effected as

10  provided in California Government Code § 6064.  Cal. Code Civ.

11  Proc. § 415.50(a)(2), (b); see also  Cal. Gov. Code § 6064

12  (requiring publication once a week for four successive weeks;

13  notice is complete after a "notice period" of 28 days from the

14  first publication).

15        Magistrate Judge Hollows was previously satisfied in

16  this case that service by publication was proper and effective

17  through the means employed by plaintiff. (July 18, 2005 Order for

18  Publication.)  In accordance with that order, plaintiff published

19  its first notice of Andres Valdez's death on August 4, 2005, and

20  every week thereafter for four weeks, in The Daily Recorder.

21  (Pl.'s Mot. to Dismiss Andres Valdez Ex. 6.)  All parties and

22  nonparty successors and representatives were thus properly served

23  with the Statement of the Fact of Death as of September 1, 2005.

24  See  Cal. Gov. Code § 6064.  Thus, the 90 day time period during

25  which a motion for substitution could be made began on that date.

26

27        [1]    In addition to service by publication, the deceased
     claimant's spouse, Regina Valdez, was personally served at her
     residence with the Statement of Fact of Death on June 30, 2005.
28  (Pl.'s Mot. to Dismiss Andres Valdez Ex. 5.)

1  See Barlow, 39 F.3d. at 233-34 (holding that the 90 day period

2  provided by Rule 25(a)(1) is not triggered until the appropriate

3  representative is served a suggestion of death in a manner

4  provided by Rule 4).

5         Accordingly, the filing period for a motion for

6  substitution expired on November 30, 2005.  The filing deadline

7  has therefore passed and no motion for substitution as to the

8  deceased party has been filed.

9         IT IS THEREFORE ORDERED that plaintiff's motion to

10 dismiss the claim of Andres Valdez be, and the same hereby is,

11 GRANTED.

12 DATED:  February 17, 2006

13

14 _____

15 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

5